UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIARAH QUINCY-KAMAZZ BROAD-BYNUM,<br><br>Petitioner,<br><br>v.<br><br>STANISLAUS COUNTY SUPERIOR COURT,<br><br>Respondent. | Case No.  2:25-cv-2085-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner, a detainee in the Stanislaus County Public Safety Center, brings this action under section 2254 and attacks a conviction that appears not to have been finalized or, at a minimum, not fully exhausted. ECF No. 1. I will dismiss the petition with leave to amend so that petitioner may explain why this action should proceed. Additionally, I will recommend that his motion for temporary restraining order, ECF No. 5, be denied. Finally, I will grant petitioner's application to proceed *in forma pauperis*. ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

1

1  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

2  The petition appears to indicate that, as of the time of filing in July 2025, petitioner's criminal case was pending in state superior court. ECF No. 1 at 2. As such, his petition is not ripe for federal habeas review. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("To exhaust a habeas claim properly, a petitioner must present his claim to the state supreme court even if that court's review is discretionary."); *see also Younger v. Harris*, 401 U.S. 37 (1971). If petitioner's conviction is, in fact, finalized, and the claims in the petition have been presented to the California Supreme Court, he may state as much in any amended petition.

In finding that the current petition is non-cognizable, I necessarily recommend that the pending motion for temporary restraining order, ECF No. 5, be denied, as petitioner cannot show that he is likely to succeed on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). This motion should, therefore, also be denied pursuant to the abstention doctrine in *Younger*, and the issues raised therein should be addressed in the relevant state court.

Rather than recommend dismissal of the case, I will dismiss the petition with leave to amend. Petitioner may file a new petition that addresses these deficiencies and explains why, if at all, his claims should proceed.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, be GRANTED.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order. If he files an amended complaint, he must use this form.

6. The Clerk of Court shall assign a district judge to this action.

1    Further, it is RECOMMENDED that petitioner's motion for temporary restraining order,
2 ECF No. 5, be DENIED.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
5 service of these findings and recommendations, any party may file written objections with the
6 court and serve a copy on all parties.  Any such document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
8 within fourteen days of service of the objections.  The parties are advised that failure to file
9 objections within the specified time may waive the right to appeal the District Court's order.  *See*
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
11 1991).

IT IS SO ORDERED.

Dated:     August 20, 2025                              _____
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE