UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIARAH QUINCY-KAMAZZ BROAD-BYNUM,<br><br>              Petitioner,<br><br>       v.<br><br>STANISLAUS COUNTY SUPERIOR COURT,<br><br>              Respondent. | Case No.  2:25-cv-2085-WBS-JDP (P)<br><br>ORDER TO SHOW CAUSE |

On August 20, 2025, the court notified petitioner that his petition appeared to be unripe and directed him to file an amended petition within thirty days. ECF No. 6. To date, petitioner has not filed an amended petition.[1]

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case based on petitioner's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our

---

[1] On October 14, 2025, petitioner filed an exhibit to his initial petition and a motion to proceed *in forma pauperis*. ECF Nos. 9 & 10. The court terminated petitioner's motion for *in forma pauperis* status since petitioner's prior application was granted on Augus 20, 2025. Petitioner's other filing appears to be prison grievances and a prison request form that details with issues petitioner has faced with his legal mail.

1

sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Petitioner will be given a final opportunity to explain why the court should not dismiss his case for failure to file an amended petition. Petitioner's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to state a claim, failure to prosecute, and failure to comply with a court order. Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:     November 13, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2