1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ZIARAH QUINCY-KAMAZZ BROAD-              Case No. 2:25-cv-2085-WBS-JDP (P)
     BYNUM,
12
                    Petitioner,              FINDINGS AND RECOMMENDATIONS
13
            v.
14
     STANISLAUS COUNTY SUPERIOR
15   COURT,

16                  Respondent.

17
            On August 20, 2025, the court screened the petition and found that it failed to state a
18
     claim.  The court granted petitioner thirty days to file an amended petition.  ECF No. 6.
19
     Petitioner did not timely file an amended petition, therefore, on November 13, 2025, the court
20
     ordered petitioner to show cause why this action should not be dismissed for his failure to state a
21
     claim, failure to prosecute, and failure to comply with court orders.  ECF No. 11.  Petitioner has
22
     not responded to the order to show cause, and the time to do so has passed.[1]  Accordingly,
23
     dismissal of the action is warranted.
24
            The court has the inherent power to control its docket and may, in the exercise of that
25
     power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,
26

---

27          [1] Although it appears from the file that plaintiff's copy of the November 13, 2025 order
     was returned, plaintiff was properly served.  Pursuant to Local Rule 182(f), service of documents
28   at the record address of the party is fully effective.

                                              1

1  216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

2  comply with these Rules or with any order of the Court may be grounds for imposition by the

3  Court of any and all sanctions . . . within the inherent power of the Court.").

4        A court may dismiss an action based on a party's failure to prosecute an action, failure to

5  obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54

6  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

7  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

8  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

9  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*

10  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

11  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

12  prosecution and failure to comply with local rules).

13        In recommending that this action be dismissed for failure to comply with court orders, I

14  have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's

15  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

16  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

17  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

18        Here, petitioner has failed to respond to a court order directing him to file an amended

19  petition.  ECF No. 6.  Therefore, the public interest in expeditious resolution of litigation, the

20  court's need to manage its docket, and the risk of prejudice to the respondent all support

21  imposition of the sanction of dismissal.  Lastly, my warning to petitioner that failure to obey court

22  orders will result in dismissal satisfies the "considerations of the alternatives" requirement.

23  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  Specifically, the

24  November 13 order expressly warned petitioner that his failure to comply with court orders would

25  result in dismissal.  ECF No. 11.  Petitioner had adequate warning that dismissal could result from

26  his noncompliance.  Accordingly, I find that the balance of factors weighs in favor of dismissal.

27        Accordingly, it is hereby RECOMMENDED that:

28        1.  This action be DISMISSED without prejudice for failure to state a claim, failure to

1    prosecute, and failure to comply with court orders for the reasons set forth in the August 20, 2025

2    order.

3          2.  The Clerk of Court be directed to close the case.

4          These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

6    service of these findings and recommendations, any party may file written objections with the

7    court and serve a copy on all parties.  Any such document should be captioned "Objections to

8    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

9    within fourteen days of service of the objections.  The parties are advised that failure to file

10   objections within the specified time may waive the right to appeal the District Court's order.  *See*

11   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

12   1991).

13

14   IT IS SO ORDERED.

15

16   Dated:    December 5, 2025

16                                                   JEREMY D. PETERSON
17                                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                                    3